FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PEGGY LYNN NUMBERS,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:16-CV-00369-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Ms. Numbers brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Ms. Numbers' Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I.     Jurisdiction

Ms. Numbers filed her application for Supplemental Security Income on September 18, 2012. AR 204-09. Her alleged onset date of disability is January 1, 2002. AR 12, 109, 118, 204. Ms. Numbers' application was initially denied on December 7, 2012, AR 134-37, and on reconsideration on February 19, 2013, AR 139-40.

A hearing with Administrative Law Judge ("ALJ") Moira Ausems occurred on February 24, 2015. AR 37-91. On May 8, 2015, the ALJ issued a decision finding Ms. Numbers ineligible for disability benefits. AR 12-24. The Appeals Council denied Ms. Numbers' request for review on August 22, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Numbers timely filed the present action challenging the denial of benefits, on October 18, 2016. ECF No. 3. Accordingly, Ms. Numbers' claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.  Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Ms. Numbers was 32 years old at the alleged date of onset. AR 22, 109, 118, 204. She has at least a high school education. AR 19, 22. Ms. Numbers is able to communicate in English. AR 22. Ms. Numbers last worked in 2002 as a caregiver and had previously worked as a waitress in 1999. AR 247, 269. Ms. Numbers has a history of using methamphetamine, but appears it has been in sustained full remission for a number of years. AR 15, 20, 377.

## V.    The ALJ's Findings

The ALJ determined that Ms. Numbers was not under a disability within the meaning of the Act from September 18, 2012, through the date of the ALJ's decision. AR 13, 24.

**At step one**, the ALJ found that Ms. Numbers had not engaged in substantial gainful activity since September 18, 2012 (citing 20 C.F.R. § 416.971 *et seq.*). AR 14.

**At step two**, the ALJ found Ms. Numbers had the following severe impairments: narcolepsy with cataplexy, lumbar degenerative disease, and obesity (citing 20 C.F.R. § 416.920(c)). AR 14-18.

At **step three**, the ALJ found that Ms. Numbers did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18.

**At step four**, the ALJ found Ms. Numbers had the residual functional capacity to perform light work, with the following limitations: she can lift and carry 20 pounds occasionally, and 10 pounds frequently; she can sit four hours in an eight-hour period, stand two hours in an eight-hour period, and walk two hours in an eight hour period with a sit/stand option once per hour that would not involve leaving a workstation; she cannot engage in climbing of ladders, ropes, or scaffolds or work where she would be exposed to unprotected heights, dangerous moving

machinery, or any commercial driving; she is capable of no more than lower semiskilled tasks that do not involve more than superficial contact with the general public due to the effects of sleepiness on her capacities for concentration, persistence, pace, and social functioning. AR 18.

The ALJ determined that Ms. Numbers has no past relevant work. AR 22.

**At step five**, the ALJ found that, in light of her age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that she can perform. AR 32. Specifically, the ALJ determined that Ms. Numbers can perform the jobs of agricultural produce sorter, general clerk, and marker pricer. AR 23.

## VI.    Issues for Review

Ms. Numbers argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Ms. Numbers' subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly considering lay witness evidence.

\\

\\

\\

## VII. Discussion

### A. The ALJ Properly Discounted Ms. Numbers' Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically

determinable impairments could reasonably be expected to produce the symptoms Ms. Numbers alleges; however, the ALJ determined that Ms. Numbers' statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 20. The ALJ provided multiple clear and convincing reasons for discrediting Ms. Numbers' subjective complaint testimony. AR 19-21.

First, the ALJ noted numerous unexplained or inadequately explained failures follow a prescribed course of treatment and improvement of her condition when treatment was followed. AR 20. Both are supported by substantial evidence of record and are clear and convincing reasons to discredit a claimant's credibility. *Smolen*, 80 F.3d at 1284. As stated by the ALJ, the record repeatedly demonstrates that Ms. Numbers' narcolepsy medication regime was generally effective; when compliant with her medication, she was wakeful and able to care for her two young children. AR 20, 377, 488. With her medication, her condition was much improved, her medication seemed to work well without side effects, her medications were "effective enough," and she did well on medication. AR 377, 470, 488, 490.

However, since her diagnosis in 2004, she has been largely noncompliant with her medication. In July 2005, she reported that she had been compliant for approximately six months because she was abusing methamphetamine. AR 377. In September 2007, and reported that she had not taken her medication for over a

year, and had stopped because her 17 year old daughter was taking the medication. AR 376. In May 2011, she stated that she had been off her narcolepsy medication for over three years, and had initially stopped when she got pregnant but continued being noncompliant nearly four years later. AR 389, 410. In November 2012, she was noncompliant because she was not motivated enough to pick up her medication and sometimes had difficulty getting a ride. AR 470-72. If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Second, the ALJ noted Ms. Numbers' lack of any work during the 15 year relevant period. AR 20. Ms. Numbers did not work much prior to the alleged onset date, has not worked since, and has not looked for work since applying for disability benefits in 2002. *Id*. If an individual has shown little propensity to work throughout her lifetime, an ALJ may find her testimony that she cannot work now less credible. *Thomas v. Barnhart*, 278 F.3d 948, 959 (9th Cir. 2002).

Third, the ALJ found that Ms. Numbers' activities did not support her allegations of total disability. AR 20-21. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Ms. Numbers alleges totally disabling limitations, including, that she is totally disabled due to her narcolepsy. However, thought the relevant period she has been a single, stay-at-home mother to young children and she is able to cook, clean, shop, and so forth. AR 20, 60, 344-78, 384; *see also Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir.1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work); *Rollins*, 261 F.3d at 857 (claim to be totally disabled was undermined by "her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, attending therapy and various other meetings every week, and so forth"). In 2015, Ms. Numbers told her treating medical source that she was able to perform all of her activities of daily living and "she has learned how to adapt and keep herself awake." AR 20-21, 519.

The ALJ reasonably found that Ms. Numbers' daily activities contradicts her allegations of total disability. The record supports the ALJ's determination that Ms. Numbers' conditions are not as limiting as she alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Ms. Numbers' credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Donald Howard, M.D.

Dr. Howard is a treating physician who completed questionnaires in May 2012, November 2013, and January 2014, regarding Ms. Numbers' limitations. AR 21, 493-96, 497-99, 508-09. In 2012, Dr. Howard opined that Ms. Numbers narcolepsy symptoms may limit her to only part-time work. AR 508. However, in 2013, Dr. Howard reported that most narcoleptics are able to work, he noted that

Ms. Numbers has concentration deficits and difficulties staying awake but did not categorize her as unable to work, and opined that Ms. Numbers did not have any exertional limitations or restrictions regarding her ability to perform competitive employment for a 40-hour week. AR 21, 497-99. Furthermore, in 2014, Dr. Howard opined that Ms. Numbers should be able to perform work at any exertional level for a 40-hour workweek, and may need breaks for excessive sleepiness but did not state that more breaks were needed than the normal 15-minute breaks in the morning and afternoon and half-hour lunch break customarily afforded. AR 21, 493-96.

The ALJ assigned substantial weight to the opinions of Dr. Howard set forth in the 2013 and 2014 questionnaires which did not find Ms. Numbers unable to perform full-time work. AR 21. However, this same weight was properly not afforded the 2012 questionnaire opinion because the short form was not supported by objective medical rational and was inconsistent with the two most recent opinions provided by Dr. Howard. An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). "[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Further, an ALJ may

reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 602-603.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). In assigning substantial weight to the majority of the opinions provided by Dr. Howard and in discounting Dr. Howard's oldest opinion, the ALJ supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the Court finds the ALJ did not err in her consideration of Dr. Howard's opinion.

### c. Ronald Devere, M.D.

Dr. Devere is a board-certified neurologist who reviewed the medical record, appeared at the hearing, and provided testimony regarding Ms. Numbers' limitations. AR 21, 44-49. Dr. Devere testified that he had never seen a patient with narcolepsy that was unable to work as narcolepsy is a very treatable condition, there is no objective evidence in the record that Ms. Numbers cannot work, and there is no evidence of a frequency of her conditions that would limit

her ability to work full time. AR 44-49. Dr. Devere opined that Ms. Numbers'
impairments did not preclude her from performing full time work at the reduced
range of light work identified in the residual functional capacity. AR 44-49.

The ALJ assigned substantial weight to Dr. Devere's opinion that Ms.
Numbers can perform a reduced range of light work full time. AR 21. Ms.
Numbers contends that this opinion should be assigned less weight. However, great
weight may legitimately be given to the opinion of a non-examining expert who
testifies at a hearing, such as Dr. Devere. *Andrews v. Shalala*, 53 F.3d 1035, 1042
(9th Cir. 1995). Additionally, Dr. Devere's opinion was properly afforded great
weight because of its consistency with the objective evidence and longitudinal
record, his expertise, and he thoroughly explained his rational. *See* 20 C.F.R. §§
404.1527(c)(3)-(c)(6), 416.927(c)(3)-(c)(6).

Moreover, it is the ALJ's duty to explain why "significant probative
evidence has been rejected," rather than explain why it was not. *Vincent on Behalf
of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). When the ALJ
presents a reasonable interpretation that is supported by substantial evidence, it is
not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court
"must uphold the ALJ's findings if they are supported by inferences reasonably
drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at
954 (if the "evidence is susceptible to more than one rational interpretation, one of

1   which supports the ALJ's decision, the conclusion must be upheld"). Thus, the

2   Court finds the ALJ did not err.

3       **d.  Todd Green, M.D.**

4       In January and November 2004, and January 2006, treating physician Dr.

5   Green performed assessments of Ms. Numbers and provided opinions regarding her

6   limitations. AR 501, 504-06, 507. Dr. Green opined in January 2004, that Ms.

7   Numbers' impairments severely limited her ability to work at all. AR 501. In

8   November 2004, Dr. Green opined that Ms. Numbers' ability to work is severely

9   limited and she in unable to do even sedentary work. AR 504-06. In January 2006,

10  Dr. Green completed paperwork for WorkFirst and opined that Ms. Numbers was

11  severely limited and unable to perform even sedentary work. AR 507. Dr. Green's

12  opinion is contradicted by the opinions of other medical opinions in the record,

13  including the more recent opinions of Dr. Howard and Dr. Devere.

14      The ALJ gave no weight to the opinion of Dr. Green. The ALJ noted that

15  normally the opinion of a treating physician may be adopted, however, this opinion

16  was not because it is inconsistent both with the other substantial evidence in the

17  record and internally. AR 22. This determination is supported by substantial

18  evidence in the record. The opinion provided by Dr. Green was discounted because

19  it is inconsistent with Dr. Green's own notes. A discrepancy between a doctor's

20  recorded observations and opinions is a clear and convincing reason for not relying

on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Additionally, an ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In January 2004, Dr. Green opined that Plaintiff was severely limited from narcolepsy, but only assessed work-related limitations of no motor vehicle driving or work around dangerous machinery and he did not assess any limitations in agility, mobility, or flexibility. AR 501-02. In July 2005, Dr. Green noted that Ms. Numbers was "much improved" and "generally wakeful and able to care for her two young boys." AR 377. However, Dr. Green opined that she was unable to lift at least two pounds or unable to stand and/or walk. AR 505. Additionally, despite Ms. Numbers' reported improvement, Dr. Green opined that she was even more severely limited than before, that she was unable to stand or walk, and she could not participate in any life activities. AR 507. Conversely, Dr. Green also opined at the same time that Ms. Numbers could ride the bus and attend classroom training/education. AR 507. Further, the severe limitations assessed by Dr. Green, limiting her from lifting, walking, standing, or participating in life activates are contradicted by the record overall, and Ms. Numbers' actual abilities.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). In discounting Dr. Green's opinion, the ALJ provided a determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the Court finds the ALJ did not err in her consideration of Dr. Green's opinion.

## C. The ALJ Failed to Properly Reject the Lay Witness Testimony, but this Error was Harmless.

The opinion testimony of Ms. Numbers' mother, Carolyn Eldred[1], falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or

---

[1] Although Plaintiff spells the mother's name "Caroline Eldridge" and Defendant spells the mother's name "Caroline Eldred," the ALJ and the mother herself spell her name "Carolyn Eldred." *See* AR 277.

disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

At the hearing, Ms. Eldred testified: that she drives Ms. Numbers to appointments and shopping; that Ms. Numbers will fall asleep when it is quiet or she gets comfortable; that Ms. Numbers has fallen asleep standing, leaning on the sink, and on the floor while cleaning it; and Ms. Numbers may fall asleep three to seven times a day. AR 75-78. Ms. Numbers argues that the ALJ erred by ignoring the testimony of her mother.

The ALJ did not ignore the testimony provided by Ms. Numbers' mother; indeed, it was specifically discussed by the ALJ along with the testimony of Ms. Numbers. AR 20. However, lay witness testimony "cannot be disregarded without comment." *Nguyen,* 100 F.3d at 1467. The ALJ erred in failing to explain her reasons for disregarding the lay witness testimony. Nevertheless, as discussed below, that error was harmless. *See Molina*, 674 F.3d at 1115, 1121-22.

Ms. Numbers does not dispute that Ms. Eldred's testimony is comparable and cumulative to her subjective complaints, but states that the ALJ erred in unfavorably deciding that her own subjective complaints were not entirely credible, thus the ALJ erred in not favorably viewing Ms. Eldred's statements as

well. The statements made by Ms. Eldred support that Ms. Numbers has some limitations, but the statements generally reflect the same allegations made by Ms. Numbers, which the ALJ properly determined were not entirely credible. *Compare* AR 74-85, 277-84 *with* AR 50-72, 231-38, 288-89, 314-21; *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding the ALJ's rejection of a lay witness for the same reasons the ALJ rejected the claimant's credibility); *see also Molina*, 674 F.3d at 1117.

The ALJ properly assessed Ms. Numbers' testimony and credibility, and as the information provided by Ms. Eldred is cumulative to that provided by Ms. Numbers, the ALJ's well-reasoned explanations for rejecting Ms. Numbers' testimony properly apply equally well to the testimony of Ms. Eldred. Thus, neglecting to explicitly explain the reasons for which the ALJ was rejecting Ms. Eldred's testimony was harmless. "If an ALJ has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations. Further, where the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not 'clearly link his determination to those reasons.'" *Molina*, 674 F.3d at 1121 (citation omitted).

Thus, the ALJ's failure to specifically provide germane reasons for rejecting the cumulative testimony provided by Ms. Eldred, was harmless.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 12th day of December, 2017.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge